# Exhibit C

**Promissory Note**

## PROMISSORY NOTE

Date: _3-09-18_

Maker (whether one or more):        **BDFI LLC**

Makers' Mailing Address:      **1614 Sidney Baker Street, Kerrville, Texas 78028**

Payee:        **Green Bank, N.A.**

Place of Payment:      **4000 Greenbriar, Houston, Texas 77098**

Principal Amount:      **Eighteen Million Sixty-Eight Thousand Nine Hundred Six and 42/100 Dollars ($18,068,906.42)**

Annual Interest Rate on Unpaid Principal from Date: **Five and no/100 percent (5.00%) per annum.** Past due amounts shall bear interest at the lesser of twelve percent (12%) per annum or the Highest Lawful Rate.

Interest shall be computed on the basis of the actual number of days elapsed in a year composed of 360 days; however, if such computation would cause the interest to be charged or paid on this note to be greater than the maximum non-usurious rate permitted by applicable federal or Texas law from time to time in effect, interest shall be computed on the basis of a year composed of 365 or 366 days, as the case may be. The rate in effect is herein referred to as the "Stated Rate"; provided, however, in no event shall interest on the note ever be charged or paid at a rate greater than the maximum non-usurious rate permitted by applicable federal or Texas law from time to time in effect, whichever shall permit the higher lawful rate (the "Highest Lawful Rate"). At all such times, if any, as Texas law shall establish the Highest Lawful Rate, the Highest Lawful Rate shall be the "weekly rate ceiling" (as defined in Texas Finance Code, Chapter 303, as amended) from time to time in effect; provided that Payee may also rely on alternative maximum rates of interest from time to time in effect under other applicable laws.

Terms of Payment (principal and interest):

Monthly installments of interest only, the first such installment being due and payable **thirty (30) days** from the date hereof and each subsequent installment shall be due and payable on the same day of each succeeding calendar month thereafter until **December 30, 2018**, when the then remaining unpaid principal and accrued unpaid interest of this Note is due and payable. Each payment will be credited first to the accrued unpaid interest and then to reduction of principal. Interest will be calculated on the unpaid principal to the date of each installment.

Prepayment Penalty: This note may be prepaid in whole or in part at any time without penalty. All prepayments in excess of accrued interest shall be applied to the outstanding principal balance of this note in the inverse order of maturity.

-1-

**Exhibit C**                    **1/12**

Security for Payment:

    (a)    Collateral Assignment of Notes and Liens and Financing Statement from Maker to Payee that covers such personal property and other property as described therein ("Property").

    (b)    Guaranties: None

Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment the principal amount plus interest at the Stated Rate. All unpaid amounts shall be due by the final scheduled payment date.

If Maker defaults in the payment of this note, or in the performance of any obligation in any instrument securing or collateral to it, or any other present and/or future debts, obligations, and liabilities owed to Payee by Maker, whether individually or as a member of any partnership, joint venture, association, or other group, regardless of how the other debts, obligations, and liabilities are incurred and regardless of whether they are evidenced by a note, open account, overdraft, endorsement, surety agreement, guarantee, or other document, and any renewals and/or extensions of any such indebtedness, which default is continuing for more than fifteen (15) days following written notice thereof from Payee, then Payee may declare the unpaid principal balance and accrued unpaid interest on this note and any other notes immediately due. Default in the terms of any note, deed of trust or security agreement pertaining to such indebtedness described above and herein, shall be an event of default and breach of covenant under all said notes, deeds of trust and security agreements and will give Payee the right to accelerate payment of all said indebtedness (unpaid principal, earned unpaid interest and other accrued charges) and to invoke all of its rights under the terms of all said notes, deeds of trust and security agreements. Except as provided above, Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, dishonor, notice of protest and notice of dishonor, to the extent permitted by law.

To the maximum extent not prohibited by applicable law, this promissory note is additionally secured by all deeds of trust, security agreements, assignments and other writings of every kind and nature heretofore, now or hereafter executed by any of the Makers or any other person to secure any indebtedness of any of the Makers, which is now or hereafter owing to any holder of this promissory note, whether or not any of such writings describe, cover, pertain or affect any property, rights or interests and whether or not such writings were originally executed or delivered to or for the benefit of any holder of this promissory note or executed or delivered to or for the benefit of any other person and acquired by purchase or otherwise by any holder of this promissory note, and whether or not any such lien or security interest or other interest was created by any then owner of any interest in or to any of the property, rights or interests which are described in or covered by any such writing or to which any such writing may pertain or affect, including, but not limited to, the Property and/or any other collateral described herein.

-2-

**Exhibit C**        **2/12**

Each Maker of this promissory note further hereby agrees and consents to all of the terms, provisions, agreements, covenants and warranties set forth or contained in all of the deeds of trust, security agreements, assignments and other writings now or hereafter securing or pertaining to the loan evidenced by this promissory note and agrees that all of the writings now or hereafter securing or pertaining to the loan evidenced by this promissory note (and all terms, provisions, agreements, covenants and warranties contained in such writings) shall be binding in all respects on the Maker of this promissory note (whether or not any Maker has executed such writings) and on the heirs, successors, legal representatives and assigns of each of the Maker of this promissory note.

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, the Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs, in addition to other amounts due.

This Note shall be governed by and construed in accordance with Texas law and applicable federal law. The parties hereto intend to conform strictly to the applicable laws governing maximum interest rates permitted. In no event, whether by reason of demand for payment, prepayment, acceleration of the maturity hereof or otherwise, shall the interest contracted for, charged or received by Payee hereunder or otherwise exceed the maximum amount permitted under applicable law. If from any circumstance whatsoever interest would otherwise be payable to Payee in excess of the maximum lawful amount, the interest payable to Payee shall be reduced automatically to the maximum amount permitted by applicable law. If Payee shall ever receive anything of value deemed interest under applicable law which would, apart from this provision, be in excess of the maximum lawful amount, an amount equal to the amount which would have been excessive interest shall be applied to the reduction of scheduled principal payments owing hereunder in inverse order of their maturities and not to the payment of interest, or if such amount which would have been excessive interest exceeds the unpaid balance of principal hereof, such excess shall be refunded to Maker. All interest paid or agreed to be paid to Payee shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full stated term (including any renewal or extension) of such indebtedness so that the amount of interest charged or paid on account of such indebtedness does not exceed the maximum permitted by applicable law. The provisions of this paragraph shall control all existing and future agreements between Maker and Payee. In determining whether interest of any kind paid or payable hereunder exceeds the highest rate, the undersigned and Payee shall, to the maximum extent permitted under applicable law (a) characterize any non-principal payment as an expense, fee or premium, (b) exclude voluntary prepayments and the effects thereof and (c) amortize, prorate, allocate and spread, in equal parts, the total amount of interest throughout the entire contemplated term of the indebtedness in order to render the interest rate uniform throughout such term. Without limiting the generality of the foregoing, the amount of any prepayment premium or penalty and the amount of any late payment fee or charge provided for herein or in the Security Documents (whether or not the same are construed as

-3-

**Exhibit C**      **3/12**

interest under applicable laws) are limited to and shall never exceed an amount which, when added to all items called or deemed to be interest in connection with the transactions contemplated herein, does not exceed the maximum amount of interest payable on the principal balances involved under applicable law. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

In addition to and without limitation of any defenses to which Payee may be entitled under applicable law, Maker and any obligor agree to provide Payee with written notice and a reasonable opportunity of at least 60 days to correct any excessive contract, charge or receipt, and any corrective action by Payee shall relieve Payee of any liability regarding same. Any such notice to Payee must be by certified mail, return receipt requested, and must provide Payee with specific details regarding the nature and extent of any alleged excessive contract, charge or receipt.

For purposes of any suit relating to the Note, Maker hereof submits itself to the jurisdiction of any court sitting in the State of Texas and further agrees that venue in any suit arising out of the Note or any venue shall be fixed in Harris County, Texas. Final judgment in any suit shall be conclusive and may be enforced in any jurisdiction within or without the United States of America, by suit on the judgment, a certified or exemplified copy of which shall be conclusive evidence of such liability.

If there shall be any transfer of ownership interests in Maker and/or in management of Maker, without Payee's prior written consent, which consent shall not be unreasonably withheld, Payee may declare the unpaid principal balance and earned unpaid interest on this Note immediately due and Payee may avail itself of all rights, powers, and recourses allowed or permitted herein and/or by law.

The Maker agrees that the sums evidenced by this Note are not for personal, family or household purposes, and that it is to be used primarily for business and commercial purposes.

It shall be a default hereunder if Payee discovers that any statement, representation or warranty in the Note, any deed of trust or security agreement or in any other document or instrument delivered to or relied upon by Payee in connection with the indebtedness secured hereby is false, misleading or erroneous in any material respect.

Maker, at any time and from time to time, shall furnish promptly, upon request, a written statement or affidavit, in such form as may be required by Payee, stating the unpaid balance of the Note and that there are no offsets or defenses against full payment of the Note and performance of the terms hereof, or if there are any such offsets and defenses, specifying them in reasonable detail.

G \JDH\4213-291 BDFI, LLC\Final\NOTE Final doc

**Exhibit C** **4/12**

Whenever any payment to be made under this note shall be stated to be due on a Saturday, Sunday or legal holiday for commercial banks under the laws of the State of Texas, then such payment shall be made on the next succeeding business day.

If more than one person or entity executes this Note as Maker, all of said parties shall be jointly and severally liable for the repayment of the indebtedness evidenced hereby. Maker and all sureties, endorsers, guarantors and any other party now or hereafter liable for the payment of this Note, in whole or in part, hereby severally: (i) except as otherwise provided above, waive grace, demand, presentment for payment, notice of nonpayment, protest, notice of intention to accelerate, notice of acceleration, all other notice, and diligence in collecting this Note or enforcing any of this Note; (ii) agree to any substitution, subordination, exchange or release of any such security or the release of any party primarily or secondarily liable hereon; (iii) agree that holder shall not be required first to institute suit or exhaust any remedies against Maker or others liable or to become liable hereon or to enforce its rights against them or any security for this Note; and (iv) consent to any extension or postponement of time of payment of this Note and to any other indulgence of holder with respect to any duty of Maker without notice hereof to any of them.

As additional security for this note, Maker grants to Payee an express lien and security interest in and to all property and any and all deposits (general or special, time or demand, provisional or final) at any time held by Payee for the credit of or for the account of Maker. If this note is not paid at maturity, however, such maturity may be brought about, or if a default should occur and be continuing under any document or instrument executed by Maker or any other party as security for the payment of this note, Payee is hereby authorized at any time, and from time to time, without notice to Maker (any such notice being hereby expressly waived by Maker), to block transfers or withdraws of any funds from and/or not pay drafts or checks on, any and all accounts, deposit or otherwise, and/or to set off and apply any and all such deposits at or for the credit or the account of Maker against the outstanding principal balance of and accrued interest on, this note. The foregoing rights of Payee are in addition to and cumulative of all other rights and remedies (including, without limitation, other liens, security interests and rights of set off) which Payee may have.

The Maker and all sureties, endorsers, guarantors and any other party now or hereafter liable for the payment of this Note, in whole or in part, understands and agrees that (I) Payee's document retention policy may involve the imaging of executed loan documents, which includes but is not limited to any note, guaranty, deed of trust, security agreement, assignment, financing statement and any other document which evidences any indebtedness owed by Maker to Payee and/or secures such indebtedness and/or relates to the indebtedness and/or the collateral securing such indebtedness and the destruction of the paper original, including the original note and (ii) the Maker and all sureties, endorsers, guarantors and any other party now or hereafter liable for the payment of this Note, in whole or in part, waive any rights and/or defenses that it may have to the use of such imaged copies of loan documents in the enforcement of any of Payee's rights in a court of law or otherwise and/or as to any claim that such imaged copies of the loan

G \JDH\4213-291 BDFI, LLC\Final\NOTE Final doc

**Exhibit C**      **5/12**

documents are not originals.

**THE PARTIES TO THIS AGREEMENT HEREBY, UNCONDITIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COUNSEL, WAIVE, RELINQUISH AND FOREVER FORGO THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR ARISING OUT OF, OR IN ANY WAY RELATING TO THIS AGREEMENT.**

LATE CHARGE. If a payment is ten (10) days or more late, Maker will be charged five percent (5.00%) of the regularly scheduled payment.

Payee reserves the right, in its sole discretion, without notice to the Maker, to sell participations or assign its interest, or both, in all or any part of this note.

When the context requires, singular nouns and pronouns include the plural.

SIGNATURES FOUND ON FOLLOWING PAGE(S)

-6-

**Exhibit C**      **6/12**

**MAKER:**

**BDFI LLC**

By: _____

    **Bradley S. Parker, Manager**

-7-

G \JDH\4213-291 BDFI, LLC\Final\NOTE Final doc

## PROMISSORY NOTE

$20,000,000.00                     Houston, Texas                     December 30, 2013

FOR VALUE RECEIVED, the undersigned, 50 BRIAR HOLLOW, LLC, a Texas limited liability ("Borrower"), hereby promises to pay to the order of GREEN BANK, N.A., a national banking association ("Lender"), at its designated office, in lawful money of the United States of America, the principal sum of TWENTY MILLION AND NO/100 DOLLARS ($20,000,000.00), together with interest thereon, on the dates and in the amounts as provided in the Agreement (hereinafter defined).

The outstanding principal balance hereof shall bear interest at the rates provided in the Agreement. Such interest shall be payable at the terms provided in the Agreement. Interest on the indebtedness evidenced by this Note shall be computed as provided in the Agreement.

As used in this Note, the term "Agreement" means that certain Loan Agreement dated as of December 30, 2013 between Borrower and Lender, as the same may be amended or modified from time to time.

This Note (a) is the Note provided for in the Agreement and (b) is secured as provided in the Agreement. Borrower may prepay the principal of this Note upon the terms and conditions specified in the Agreement.

Instead of paying off this Note on or before the maturity date, Borrower (or an entity designated by Borrower in writing to Lender) shall have the right to purchase this Note and the liens securing the payment of this Note, including, without limitation, the liens evidenced by the Deed of Trust, for the unpaid principal balance of this Note, plus accrued and unpaid interest on this Note, and any other sums owed with respect to this Note, the Agreement or the Deed of Trust. In the event that Borrower elects such alternative, the assignment of this Note and liens shall in a form satisfactory to Lender and shall be without recourse or warranty of any kind, except that the Lender (or such other holder of this Note and said liens) shall warrant that it is the owner and holder of this Note and said liens.

Notwithstanding anything to the contrary contained herein, no provision of this Note shall require the payment or permit the collection of interest in excess of the Maximum Rate (as defined in the Agreement). If any excess of interest in such respect is herein provided for, or shall be adjudicated to be so provided, in this Note or otherwise in connection with this loan transaction, the provisions of this paragraph shall govern and prevail, and neither Borrower nor the sureties, guarantors, successors or assigns of Borrower shall be obligated to pay the excess amount of such interest, or any other excess sum paid for the use, forbearance or detention of sums loaned pursuant hereto. If for any reason interest in excess of the Maximum Rate shall be deemed charged, required or permitted by any court of competent jurisdiction, any such excess shall be applied as a payment and reduction of the principal of

Note v3 wpd

**Exhibit C**                                                    **8/12**

indebtedness evidenced by this Note; and, if the principal amount hereof has been paid in full, any remaining excess shall forthwith be paid to Borrower. In determining whether or not the interest paid or payable exceeds the Maximum Rate, Borrower and Lender shall, to the extent permitted by applicable law, (a) characterize any non-principal payment as an expense, fee, or premium rather than as interest, (b) exclude voluntary prepayments and the effects thereof, and (c) amortize, prorate, allocate, and spread in equal or unequal parts the total amount of interest throughout the entire contemplated term of the indebtedness evidenced by this Note so that the interest for the entire term does not exceed the Maximum Rate.

Upon the occurrence of any Event of Default (as defined in the Agreement), the holder hereof may, at its option, (a) declare the entire unpaid principal of and accrued interest on this Note immediately due and payable without notice, demand or presentment, all of which are hereby waived, and upon such declaration, the same shall become and shall be immediately due and payable, (b) foreclose or otherwise enforce all liens or security interests securing payment hereof, or any part hereof, (c) offset against this Note any sum or sums owed by the holder hereof to Borrower, and (d) take any and all other actions available to Lender under this Note, the Agreement, the Loan Documents (as defined in the Agreement), at law, in equity or otherwise. Failure of the holder hereof to exercise any of the foregoing options shall not constitute a waiver of the right to exercise the same upon the occurrence of a subsequent Event of Default.

If the holder hereof expends any effort in any attempt to enforce payment of all or any part or installment of any sum due the holder hereunder, or if this Note is placed in the hands of an attorney for collection, or if it is collected through any legal proceedings, Borrower agrees to pay all costs, expenses, and fees incurred by the holder, including all reasonable attorneys' fees.

THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS AND THE APPLICABLE LAWS OF THE UNITED STATES OF AMERICA. THIS NOTE IS PERFORMABLE IN HARRIS COUNTY, TEXAS.

Except as provided in the Agreement, Borrower and each surety, guarantor, endorser, and other party ever liable for payment of any sums of money payable on this Note jointly and severally waive notice, presentment, demand for payment, protest, notice of protest and non-payment or dishonor, notice of acceleration, notice of intent to accelerate, notice of intent to demand, diligence in collecting, grace, and all other formalities of any kind, and consent to all extensions without notice for any period or periods of time and partial payments, before or after maturity, and any impairment of any collateral securing this Note, all without prejudice to the holder. The holder shall similarly have the right to deal in any way, at any time, with one or more of the foregoing parties without notice to any other party, and to grant any such party any extensions of time for payment of any of said indebtedness, or to release or substitute part or all of the collateral securing this Note, or to grant any other indulgences

**Exhibit C**                                    **9/12**

or forbearances whatsoever, without notice to any other party and without in any way affecting the personal liability of any party hereunder.

50 BRIAR HOLLOW, LLC

By:    50 BH, LLC, its sole manager

By:_____
       Ali Choudhri
       President

SIGNATURE PAGE TO NOTE

**Exhibit C**                                        **10/12**

## ENDORSEMENT

This Endorsement is firmly affixed to and is a part of that certain Promissory Note in the original principal sum of **$20,000,000.00**, dated **December 30, 2013**, executed by **50 BRIAR HOLLOW, LLC** and payable to **Green Bank, N.A. and subsquently assigned to BDFI LLC.**

PAY TO THE ORDER OF **Green Bank, N.A.**, this the ____9____ day of _March_, 2018, WITH RECOURSE.

**BDFI LLC**

By: _____
**Bradley S. Parker, Manager**

**Exhibit C**      **11/12**

<u>**Allonge to Promissory Note(s)**</u>

Reference is made to the **$20,000,000.00** promissory note dated **December 30, 2013,** executed by **50 BRIAR HOLLOW, LLC** and payable to the order of Green Bank, N.A., as such note has been amended or modified prior to the date hereof. This Allonge is attached to and made a permanent part of the Note.

Pay to the order of **BDFI LLC,** a New York limited liability company, its successors and assigns, without recourse, representations or warranties of any kind.

Executed as of the____day of_____ 2018.

GREEN BANK, N.A.

By:_____
Greg Bergeron, Vice President

G:\JDH\4213-291 BDFI, LLC\Note Purchase\Form of Allonge to Promissory Note.docx

**Exhibit C**                                                    **12/12**